UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY BARGER II,<br>aka GARY FRANCIS FISHER,<br>aka GARY DALE BARGER,<br><br>                    Plaintiff,<br><br>          v.<br><br>DIRECTOR OF OPS OF CDCR,<br>et al.,<br>                    Defendants. | 1:17-cv-00438-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS,<br>RECOMMENDING THAT PLAINTIFF'S<br>APPLICATION TO PROCEED IN<br>FORMA PAUPERIS PURSUANT TO 28<br>U.S.C. § 1915(g) BE DENIED AND THAT<br>THIS ACTION BE DISMISSED,<br>WITHOUT PREJUDICE TO PLAINTIFF<br>REFILING THE ACTION WITH<br>SUBMISSION OF THE FULL $400.00<br>FILING FEE<br>(ECF NOS. 1 & 2)<br><br>OBJECTIONS, IF ANY, DUE WITHIN<br>TWENTY-ONE DAYS |

I.      BACKGROUND

Sonny Barger II, aka Gary Francis Fisher, aka Gary Dale Barger ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on February 22, 2017, in the United States District Court for the Northern District of California.  (ECF No. 1).  On that same day, Plaintiff filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF No. 2).  On March 22, 2017, this case was transferred to the Fresno Division of the Eastern District of California.  (ECF Nos. 3 & 4).

II.      THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

under imminent danger of serious physical injury."

### III.   ANALYSIS

A review of the cases filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury.  Court records reflect that on at least three prior occasions, Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Barger v. FBI, 1:13-cv-00535-DLB (E.D. Cal.) (dismissed November 21, 2013, for failure to state a claim (ECF No. 10)); (2) Fisher v. FBI, 1:13-CV-00414-LJO-SAB (E.D. Cal.) (dismissed July 26, 2013, for failure to state a claim (ECF Nos. 17 & 19)); and (3) Fisher v. Bivens, 2:14-cv-01439-UA-MAN (C.D. Cal.) (dismissed March 6, 2014, for failure to state a claim (ECF No. 2)).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful."  Id. at 1057 n.11.  "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."  Blackman v. Mjening, No. 116CV01421LJOGSAPC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate…."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's complaint for this action and finds that Plaintiff does not meet the imminent danger exception.  Plaintiff names as defendants the Director of

Operations at the California Department of Corrections and Rehabilitation, Kern County Superior Court, Ventura County Superior Court, and Kings County Superior Court. Plaintiff alleges that his Fourteenth Amendment due process rights were violated, apparently in relation to trials which have already occurred. There is no indication that Plaintiff was in any danger whatsoever at the time he filed the complaint.

## IV.    CONCLUSION AND RECOMMENDATIONS

The Court finds that under 28 U.S.C. § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis in this action be DENIED;

2.    This action be DISMISSED, without prejudice to Plaintiff refiling the action with the submission of the full $400.00 filing fee; and

3.    The Clerk of Court be directed to CLOSE this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**March 30, 2017**__                    ___/s/ Erica P. Grosjean___
                                                 UNITED STATES MAGISTRATE JUDGE